**INTERLAKE, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 75–1547.

United States Court of Appeals Eight Circuit.

Submitted Feb. 11, 1976.

Decided Feb. 17, 1976.

Rody P. Biggert, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., made argument for petitioner. He also filed appendix, brief and reply brief for petitioner.

Andrew Tranovich, Atty., N. L. R. B., Washington, D. C., made argument for respondent. Brief was filed for respondent in this Court. Counsel appearing on brief are: John C. Miller, Acting Gen. Counsel, John S. Irving, Jr., Deputy Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and Robert A. Giannasi, Asst. Gen. Counsel, N. L. R. B., Washington, D. C.

Before LAY and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.*

PER CURIAM.

Interlake, Inc., requests this Court to review and set aside an order of the National Labor Relations Board. The order requires Interlake to cease and desist from threatening its employees with discharge or other disciplinary action if they seek the assistance of representatives of a labor organization, and from otherwise interfering with its employees in the exercise of their right to engage in union activities. It further requires Interlake to post appropriate notices. The Board cross applies for enforcement of the order. The Board's decision is reported at 218 NLRB No. 154, 89 LRRM 1794 (1975).

■ There is substantial evidence on the record as a whole to support the Board's finding that Interlake violated § 8(a)(1) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq.,

by threatening to discipline an employee if he persisted in talking with the union about his individual grievances. We recognize that the threat was an isolated one, and that there is a serious question as to whether a remedial order is appropriate. Were we making the initial decision, we might agree with the Administrative Law Judge and the dissenting member of the Board that an order should not be issued; but we are not in that position. The Board has the primary responsibility to determine whether an order is necessary to effectuate the policies of the Act. *Virginia Elec. & P. Co. v. National Labor Rel. Bd.*, 319 U.S. 533, 540, 63 S.Ct. 1214, 87 L.Ed. 1568 (1943); *Truck Drivers, Etc., Loc. 705, Int. Bro. Team v. N.L.R.B.*, 509 F.2d 425 (D.C.Cir. 1974). It has decided that an order is necessary. We cannot say that it has abused its discretion. The threat to the employee was deliberate, direct and particularized. It was not disavowed.

We enforce the order of the Board.

---

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.